IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY COMPTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-4116 |
| | § | |
| JAY A. TAYLOR, P.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part.

Plaintiff Mary Compton ("Compton") filed the instant action alleging that Defendant Jay A. Taylor, P.C. ("Taylor") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On April 17, 2006, the Court entered judgment in favor of Compton and ordered Taylor to pay Compton $1,000.00. The Order further provided for recovery of attorney's fees and costs and directed Compton to submit a motion within fourteen days of entry of judgment. On April 28, 2006, Compton filed the instant motion and supporting affidavits and documentation. Taylor's response was due May 18, 2006, but he failed to respond. Pursuant to local rules, failure to respond is taken as no opposition. S. D. TEX. LOCAL R. 7.4.

Attorneys' Fees

In calculating an award of attorneys' fees under the FDCPA, courts generally use the lodestar approach. *See, e.g., Henderson v. Eaton,* No. Civ. A. 01-0138, 2002 WL 31415728, at *4 (E.D. La. Oct. 25, 2002). The court first determines both the reasonable hourly rates for the lawyers involved in the case and the reasonable number of hours spent on the litigation. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Second, the court determines the lodestar by multiplying the reasonable hourly rates by the number of reasonable hours expended in the litigation. *Id.* Finally, the court either accepts the lodestar or adjusts it based upon the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Kellstrom*, 50 F.3d at 324, 329.

At the outset, the Court must determine the reasonableness of the hours expended. *Id.* at 324. The moving party bears the burden of demonstrating that the hours expended are reasonable. *See Hensley,* 461 U.S. at 427. Plaintiff's documentation indicates attorney Richard Tomlinson ("Tomlinson") expended 1.45 hours on the case. Further, attorney Dana Karni ("Karni") worked 8.4 hours on the instant matter. Finally, Karni's paralegal, Rebecca Hire ("Hire"), spent .4 hours working on the case. Plaintiff submits detailed billing records indicating that the time

spent working on the case was reasonable. Accordingly, the Court determines Plaintiff has met her burden of proving that the time spent on the instant litigation was reasonable.

Next, the Court must determine the reasonableness of the rates charged by counsel. Again, Plaintiff bears the burden of demonstrating the hourly rates sought are reasonable. *See id.* "Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). Here, Plaintiff asserts a fee of $300 an hour for Tomlinson is reasonable based on his experience. Moreover, Plaintiff asserts a fee of $150 per hour is reasonable for Karni. Finally, Plaintiff requests $65.00 per hour for the work done by Hire. Based on the documentation submitted by Plaintiff, and the prevailing market rates in Houston, Texas, the Court determines the rates charged by Tomlinson, Karni, and Hire are reasonable.

The Court next calculates the lodestar amount. The lodestar for Tomlinson is $435.00, based on 1.45 hours of work at $300.00 per hour. The lodestar for Karni is $1,260.00 based on 8.4 hours of work at $150.00 per hour. The lodestar for Hire is $26.00 based on .4 hours of work at $65.00 per hour. Accordingly, the total lodestar is $1,721.00.

After calculating the lodestar amount, the Court next evaluates whether an

increase or decrease of the lodestar is warranted after application of the *Johnson* factors. *See Singer v. City of Waco, Tex.,* 324 F.3d 813, 829 (5th Cir. 2003). There is a strong presumption that the lodestar award is the reasonable fee in a case. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Court considers the following twelve *Johnson* factors:

1.  the time and labor required;

2.  the novelty and difficulty of the legal questions;

3.  the skill required to perform the legal service properly;

4.  the preclusion of other employment by the attorney due to the acceptance of this case;

5.  the customary fee for similar work in the community;

6.  whether the fee is fixed or contingent;

7.  time limitations imposed by the client or circumstances;

8.  the amount involved and results obtained;

9.  the experience, reputation, and ability of the attorneys;

10. the "undesirability" of the case;

11. the nature and length of the professional relationship with the client; and

12. awards in similar cases.

*Johnson,* 488 F.2d at 717-19. In applying these factors, a district court must ensure

that a fee award does not provide a windfall to the plaintiff. *See Kellstrom*, 50 F.3d at 328. After examining the lodestar amount and the *Johnson* factors, the Court declines to adjust the lodestar of $1,721.00 and determines that the above calculated fees are reasonable and appropriate.

Costs

Plaintiff requests $524.39 in costs and expenses associated with the instant litigation. These include costs associated with filing, service of process, document transmission, and phone calls. Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990)).

Title 28 U.S.C. § 1920 identifies recoverable costs:

A judge or clerk of any court of the United States may tax as costs the following:(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2000). A court may decline to award the costs listed in the statute, but may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Before a court taxes a bill of costs, the party claiming the cost shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2000).

Here, Plaintiff's request for costs includes: $250.00 filing fee; $240.00 for service of process on both the Texas Secretary of State and Taylor; $20.00 in courier fees; $7.04 in postage; $2.60 for copies; $2.50 in facsimiles, and $2.25 for long distance phone calls. Filing fees and copy fees are recoverable costs under the statute. *See* § 1920. Moreover, although service of process through private process servers is not expressly contemplated by the statute, other courts have allowed such costs. *See, e.g., Landry v. St. James Parish Sch. Bd.,* No. Civ. A. 99-1438, 2000 WL 1741886, at * 1 (E.D. La. Nov. 22, 2000). Therefore, the Court will grant Plaintiff's request for the costs associated with service of process. However, postage, facsimiles, long distance calls, and courier fees are not recoverable costs. *See* § 1920*; Embotelladora Agral Regiomontana v. Sharp Capital, Inc.,* 952 F.Supp. 415, 418 (N.D. Tex. 1997). Accordingly, the Court grants Plaintiff costs in the amount of $490.00. Given the

foregoing the Court hereby

ORDERS that Plaintiff's Motion for Attorney Fees and Costs (Document No. 12) is GRANTED IN PART.  Plaintiff shall recover attorneys' fees in the amount of $1,721.00 from Defendant.  Moreover, Plaintiff shall recover $490.00 in costs from Defendant. The Court further

ORDERS that all relief not granted herein is DENIED.

SIGNED at Houston, Texas, on this 27th day of June, 2006.

_____

DAVID HITTNER
United States District Judge